**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
WALTER F. DOWNEY,              )
                               )
               Plaintiff,      )    CIVIL ACTION
                               )
v.                             )    No.  04-1359-MLB
                               )
DEERE & COMPANY,               )
                               )
               Defendant.      )
                               )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment. (Doc. 13.) Rather than respond to the merits of that motion, plaintiff filed his own motion seeking to dismiss his case without prejudice or, in the alternative, a stay of defendant's summary judgment motion while plaintiff conducts additional discovery. (Doc. 51.) Plaintiff's motion is DENIED, and he is directed to respond to the merits of defendant's motion for reasons set forth herein.

**I.   BACKGROUND**

Plaintiff owns a John Deere Model 7810 tractor manufactured by defendant. Plaintiff claims that, in December of 2001, he was operating the tractor to load round bales of hay onto a truck. At some point, he placed the tractor in "Park" and exited the cab of the machine to check his load. While dismounting, plaintiff claims the tractor slipped out of "Park" and into a forward gear, throwing him to the ground and causing him serious injuries. (Docs. 1 exh. 1; 14 at 2; 51 at 2.)

Consequently, plaintiff brought the present products liability

action in Kansas state court, alleging that defendant and the local tractor dealer from whom the machine was purchased were liable based on a defect in the machine.  The case proceeded toward trial in the state court, and was scheduled for a jury trial to start on January 11, 2005.  On November 10, 2004, the state court dismissed the local tractor dealer from the action, creating for the first time complete diversity of citizenship.  Pursuant to 28 U.S.C. sections 1441 and 1446(b), defendant removed the case to this court on November 17, 2004.  (Docs. 1 exh. 1; 51 at 2-4; 54 at 4.)

Thereafter, on February 4, 2005, defendant filed the present motion for summary judgment.  Defendant claims that plaintiff has failed to identify a specific defect in the tractor, which is a required element of a strict products liability claim under Kansas law.  (Doc. 14 at 7-8.)  Plaintiff responds that he has been prejudiced by this "11th hour" removal to federal court, where the standards for admissibility of expert testimony are different from state court.  (Doc. 51 at 3.)  He asks alternatively for either a dismissal without prejudice under Federal Rule of Civil Procedure 41(a), or for a stay pending additional discovery pursuant to Rule 56(f).  In either case, he argues that he is entitled to more time in order to prepare his case under the different standards applicable now that he is in federal court.  Id.

## II.  ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) authorizes the court to order a voluntary dismissal of this case "upon such terms and conditions as the court deems proper."  The decision to order such a dismissal is discretionary, and plaintiff is not entitled to dismissal

-2-

under this subsection as a matter of right. <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d 354, 357 (10th Cir. 1996). "When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." <u>Id.</u> (quotation omitted).

In determining the degree of legal prejudice defendant will suffer if plaintiff's motion is granted, the court considers the following factors: 1) defendant's effort and expense in preparing the case for trial; 2) any excessive delay or lack of diligence attributable to plaintiff; 3) whether there is sufficient explanation of the need for dismissal; and, 4) the present stage of the litigation. <u>Id.</u> at 358. These factors are non-exclusive, and they need not all be resolved in favor of a particular party in order to justify the decision to grant or deny the motion for voluntary dismissal. <u>Id.</u> In particular, "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." <u>Id.</u>

Here, the second, third, and fourth factors all converge around the issue of defendant's pending motion for summary judgment. Defendant argues that plaintiff's case is legally deficient for having failed to identify a defect in the tractor, as required by Kansas law. This requirement is not peculiar to practice in federal court. It is a matter of state law, which should control the outcome of the case in state and federal court. It is plaintiff who characterizes defendant's removal of the case as occurring at the "11th hour" prior to trial. (Doc. 51 at 3.) However, plaintiff offers no legitimate

excuse for his failure to identify the required defect, even though his case was at the "11th hour." He argues that his failure is attributable to the different standards applicable to the admissibility of expert testimony in state and federal courts. In particular, he claims that his case was prepared for trial in state court under the more lenient standards set forth in Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), and that it will take additional preparation to meet the more demanding standards set forth in federal court by Daubert v. Merrell Dow Pharm., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999).

The court rejects this explanation because, regardless of which standard applies, defendant claims that plaintiff's expert has failed to identify any defect. Assuming the accuracy of defendant's facts and legal arguments, plaintiff's claim was doomed as a matter of law under either state or federal standards because he simply lacked evidence on a critical point. Accordingly, the court finds that plaintiff has displayed a lack of diligence in preparing this case for trial; that there is no excuse for this lack of diligence based on the fact that this case was otherwise ready to be tried in state court prior to removal; and that defendant's motion for summary judgment states a basis for resolving the case on the merits. Moreover, his motions for additional discovery have been denied by the magistrate judge in a separate order. (Doc. 54.) Therefore, it would not be appropriate to allow plaintiff to avoid an adverse decision on the merits through voluntary dismissal, and his motion to that effect is

DENIED.[1]

Alternatively, plaintiff asks the court to stay its decision on defendant's motion while plaintiff conducts additional discovery pursuant to Rule 56(f). However, in arguing for the stay, plaintiff states that he would use the additional time to develop testimony of the mechanics who worked on the tractor regarding the issue of "causation." (Doc. 51 at 5.) Unfortunately, causation is not the issue here. Rather, the issue is whether plaintiff has identified a defect in the tractor. Causation only comes into play once a defect has been identified. Thus, additional time to conduct discovery as to causation will not enable plaintiff to address the merits of defendant's motion. Furthermore, plaintiff only asks for additional time "until Judge Bostwick rules on the discovery dispute." Id. at 6. Judge Bostwick has already made his ruling, which is adverse to plaintiff. (Doc. 54.) Plaintiff's motion for a continuance under Rule 56(f) is accordingly DENIED.

In sum, defendant has presented a motion for summary judgment that alleges plaintiff had prepared his case for trial in state court

---

[1] Additionally, even if the court had decided to grant plaintiff's motion for voluntary dismissal, pursuant to the authority granted under Rule 41(a)(2) to attach conditions to that dismissal, the court would have insisted that any refiling would basically revive the case in its present condition. That is, although plaintiff might be able to correct deficiencies in the format of his expert's testimony so as to meet the requirements of Kumho Tire, plaintiff would not be permitted to obtain new experts or opinions that identify defects not already identified in this case. Thus, if in fact plaintiff has failed to identify a defect, and if that is truly a requirement under state law, he would never be permitted to fix that through the mechanism of voluntary dismissal and subsequent refiling. This case was ready for trial in state court, and giving plaintiff that opportunity would amount to a second bite at the apple, to which he is not entitled.

without evidence on an essential element that he was required to prove.[2]  Removal to federal court has no bearing on that argument. Plaintiff is therefore directed to respond to the merits of defendant's motion within 23 days of the date this order is filed, in keeping with the timing requirements of Local Rule 6.1(d)(2). Defendant may then file a reply within the time limits set by that rule.

    IT IS SO ORDERED.

    Dated this __12th__ day of May 2005, at Wichita, Kansas.

                                            s/   Monti Belot

                                            Monti L. Belot

                                            UNITED STATES DISTRICT JUDGE

---

[2] At this point, the court expresses no opinion regarding the legal accuracy of defendant's argument. Suffice it to say that defendant has presented propositions of law and cited Kansas authority that appear to entitle it to judgment on plaintiff's products liability claim. Before deciding the matter, the court simply wants to hear plaintiff's version of the facts and interpretation of the law.